**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 5 AND IRON WORKERS EMPLOYERS ASSOCATION, EMPLOYEE PENSION TRUST, et. al.,** * * * | |
| Plaintiffs, * | |
| v. | Case No.: GJH-17-3286 |
| * | |
| **R. STODDARD, LLC d/b/a MOXY MISC. IRON WORKS,** | |
| * | |
| Defendants. | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On November 7, 2017, Plaintiffs Trustees of the Iron Workers Local Union No. 5 and Iron Workers Employers Association, Employee Pension Trust, Iron Workers Trust Fund Local No. 5, Washington, DC, Iron Workers Apprenticeship and Training Fund, Iron Workers Industry Advancement Fund, Iron Worker-Management Progressive Action Cooperative Fund, and Local Union No. 5 of the International Association of Bridge, Structural, and Ornamental Iron Workers filed this Employee Retirement Income Security Act of 1974 (ERISA) action against Defendant R. Stoddard, LLC d/b/a Moxy Misc. Ironworks. ECF No. 1. The summons was returned executed on November 29, 2017, having been personally served to a man matching the description of R. Stoddard's registered agent at the address of its registered agent. ECF Nos. 5, 5-1. R. Stoddard filed no responsive pleading, and on February 16, 2018, Plaintiff moved for an entry of default. ECF No. 6. The clerk entered default on March 30, 2018. ECF No. 7. Five days later, Defendant filed a motion to vacate the order of default and for leave to file a response. ECF

No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Vacate, ECF No. 8, is granted.

## I.  DISCUSSION

A court should consider five factors when analyzing a motion to set aside entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The Fourth Circuit "has a strong policy that cases be decided on their merits." *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

Randolph Stoddard, the registered agent and President of R. Stoddard, LLC, has filed a sworn affidavit claiming he was never served and did not become aware of the lawsuit until just before filing the motion to vacate. *See* ECF No. 8-2. But service was completed on November 20, 2017 at the address of the registered agent, upon a man matching the description of the registered agent. ECF No. 5-1. Furthermore, the affidavit of service was delivered to the same address on November 29, 2017. ECF No. 5 at 2. The motion for entry of default was delivered to the same address on February 16, 2018. ECF No. 6 at 3. Therefore, the Court finds that R. Stoddard was sufficiently placed on notice that it was the defendant in this lawsuit, and it cannot be said that the defaulting party has no personal responsibility for the delay. However, R. Stoddard did file a motion to vacate just five days after the clerk's entry of default, so the prejudicial effect of the delay on the parties is minimal, and R. Stoddard's response to the entry of default was "reasonably prompt." It is unclear whether R. Stoddard has a *meritorious* defense,

but it has asserted a defense that "the principal amounts sought in this lawsuit were paid in full and on time." ECF No. 8-1 at 3.

Though it is a close call, the Fourth Circuit's strong policy in favor of deciding cases on the merits leads the Court to conclude that it will vacate the entry of default. However, the Court also concludes that lesser sanctions are warranted in this case. Defendant was provided notice, on multiple occasions, of the existence of this action. Plaintiffs expended 1.25 hours in the preparation and filing of the motion for an entry of default, incurring $458.75 in attorneys' fees. ECF No. 9-1 ¶ 5. It is an appropriate lesser sanction to award attorneys' fees when a party defaults. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). Therefore, the Court will vacate the entry of default, pending Defendant's payment of $458.75 in attorneys' fees to Plaintiffs' counsel.

## II.  CONCLUSION

Defendant's Motion to Vacate and for Leave to File a Response, ECF No. 8, is granted pending payment of $458.75 in attorneys' fees to Plaintiff's Counsel. A separate order shall issue.

Dated: March 8, 2019               /s/_____
                                   GEORGE J. HAZEL
                                   United States District Judge